# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ARTHIA LAMONT TANNER | ) | |
| | ) | |
| v. | ) | NO. 2:09-CV-85 |
| | ) | (2:04-CR-80) |
| UNITED STATES OF AMERICA. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (DE # 747) filed by Petitioner, Arthia Lamont Tanner, on March 27, 2009. To the extent this motion requests relief pursuant to 18 U.S.C. § 3582(c)(2), this portion of the motion is **STRICKEN** and Tanner is appointed counsel to assist in resolving this issue as set forth below. To the extent this motion requests relief pursuant to 28 U.S.C. § 2255, for the reasons set forth below, this motion is **DENIED**. Further, the Clerk is **ORDERED** to distribute a copy of this Order to Arthia Lamont Tanner (Prisoner No. 08097-027), Forrest City Low FCI, P.O. BOX 9000, Forrest City, Arkansas, 72336, or to such other more current address that may be on file for the Petitioner.

Relief Pursuant to 18 U.S.C. Section 3582(c)(2)

This cause related to relief under 18 U.S.C. Section 3582(c)(2) only is assigned to the Northern District of Indiana Federal Community Defenders, Inc., 31 E. Sibley Street, Hammond, Indiana 46320 (219/937-

8020), for referral of counsel to represent the Defendant with respect to Defendant's pursuit of a reduction of sentencing pursuant to 18 U.S.C. § 3582(c)(2). The Federal Community Defenders, Inc. is directed to determine whether it can represent the Defendant. If not, an attorney from the Criminal Justice Act (CJA) panel should be assigned to represent the Defendant. If the Federal Community Defenders, Inc. accepts the case, this order constitutes appointment upon filing an appearance with the Court.

Once counsel is assigned, the U.S. Probation Office is directed to provide the Government and defense counsel with a copy of the Judgment & Commitment Order, Statement of Reasons for the sentence entered, and the Presentence Report (PSR) immediately. Any previous motions filed pro se by the Defendant seeking a reduction pursuant to Title 18 U.S.C. § 3582(c)(2) are hereby stricken. After receiving a copy of the Judgment & Commitment Order, Statement of Reasons, and the Presentence Report from the U.S. Probation Office, counsel for the Defendant is given 10 days within which to file a formal Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), if appropriate. In the event that counsel for the Defendant does not believe a reduction is warranted, then a brief Notice to the Court should be filed explaining why such a reduction is inappropriate.

The U.S. Probation Office is also directed to promptly prepare a short, factual report setting forth the original guideline range and the new guideline range calculated under the amended guideline.

Included within the report will be any information obtained by the U.S. Probation Office regarding public safety considerations and post-sentencing conduct while incarcerated.

If a motion for reduction of sentence is filed by Defendant's counsel, the government shall file a response within 10 days after the motion is filed or when the parties have been provided a copy of the short, factual report referenced above, whichever occurs later.

Relief Pursuant to 28 U.S.C. § 2255

BACKGROUND

On April 12, 2006, pursuant to a Plea Agreement (DE # 302), Tanner pled guilty to Count 8 of the Superseding Indictment in cause number 2:04cr80, charging him with distributing cocaine, in violation of 21 U.S.C. § 841(a)(1). Tanner attempted to withdraw this plea (DE # 366) on September 1, 2006, because of the amount of cocaine attributed to him in the presentence investigation report. This Court denied Defendant's motion on September 12, 2006. (DE # 371).

On April 4, 2007, Tanner was sentenced to a term of 240 months imprisonment and 3 years of supervised release. Also on this date, the remaining counts contained in the Superceding Indictment (Counts 2, 9, 10, 11, and 16) against Tanner were dismissed pursuant to the plea agreement.

On April 6, 2007, Tanner appealed. Upon his motion, the Seventh Circuit granted him new appellate counsel who subsequently filed a

brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), because they could not discern any non-frivolous issue for appeal. On October 7, 2008, Tanner's appeal was dismissed as frivolous (DE #716). *See U.S. v. Tanner*, 544 F.3d 793, 794 (7th Cir. 2008).

In the instant motion, Tanner requests relief pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel during sentencing (Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Said Sentence Pursuant to Title 28 U.S.C. Section 2255 (DE #748)(hereinafter, "Brief") at pp. 8-21), plea negotiations (*id.* at pp. 29-30), and his appeal (*id.* at pp. 27-29). The government contends that because the plea agreement contained a waiver provision, Tanner's motion should be dismissed.

DISCUSSION

Relief under 28 U.S.C. § 2255 is limited to situations where a federal criminal defendant's conviction or sentence is based on "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect, which inherently results in a complete miscarriage of justice." *Bischel v. U.S.*, 32 F.3d 259, 263 (7th Cir. 1994)(quotations omitted). If the court finds that any such error occurred, it will "vacate, set aside or correct the sentence." 28 U.S.C. § 2255. A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28

U.S.C. § 2255(b). Here, because the motion, files, and records in this case conclusively demonstrate that Tanner is not entitled to relief, the Court declines to hold an evidentiary hearing.

*Waiver*

Tanner's plea agreement contained a waiver of right to contest his sentence through appeal and post-conviction relief. Specifically, his plea agreement contained the following waiver provision:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Plea Agreement ¶ 7(f).)

At the change of plea hearing, Tanner acknowledged that he was waiving his right to file any later petition challenging his conviction or sentence. (Change of Plea Hearing Transcript at 24-27.)

-5-

The Court further explained to Tanner that his sentence might be worse than he expects, but he is still bound by his guilty plea. (*Id.* at 33.) Tanner acknowledged that he understood this waiver. (*Id.* at 24-27.) Nevertheless, despite the waivers and admissions in his plea agreement, Tanner requests relief pursuant to 28 U.S.C. § 2255.

Courts enforce a plea agreement's appellate and collateral attack waiver "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *U.S. v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007). Courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver. *United States v. Jemison*, 237 F.3d 911, 917-18 (7th Cir. 2001).

A waiver is not enforceable against a § 2255 challenge if the defendant can demonstrate ineffective assistance of counsel with respect to the negotiation of the plea agreement. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000). An enforceable waiver, however, bars ineffective assistance claims relating to anything other than the plea negotiation. *Id.* at 1069-70.

Here, although the majority of Tanner's claims are within the scope of the waiver, Tanner claims two instances of ineffective assistance of counsel during the plea negotiation. First, Tanner alleges that his lawyer was ineffective because he incorrectly predicted a sentence in the range of 5 to 10 years. (Brief at p. 29.)

According to Tanner, "[l]ogical common sense would dictate Movant would not simply enter the plea of guilty in return for the maximum 20 year sentence statutes provide for under Count Eight of the Superceding Indictment." (*Id.*) Second, he claims that his lawyer rendered ineffective assistance of counsel because he should have negotiated a more favorable plea agreement by securing a "particular sentence" or by negotiating an agreement with respect to other counts in the superceding indictment. (*Id.* at pp. 29-30.)

To prove ineffective assistance of counsel, Tanner must show that his attorney performed in a deficient manner and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). A "mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." *U.S. v. Fudge*, 325 F.3d 910, 924 (7th Cir. 2003)(citations omitted). Rather, "[a] defendant is required to establish through objective evidence that a reasonable probability exists that he would have gone to trial." *Id.*

Here, Tanner claims that he pled guilty under the "attorney advised impression" the he would receive a sentence in the range of 5 to 10 years. (Brief at 29.) In this Circuit, an attorney's inaccurate prediction of a sentence does not demonstrate the deficiency component of an ineffective assistance of counsel claim even if the prediction is a gross mischaracterization. *E.g., U.S. v.*

*Barnes*, 83 F.3d 934, 939-40 (7th Cir. 1996)(finding no constitutionally deficient performance where lawyer failed to inform defendant that if he pled guilty, he would be classified as a career offender and subject to much greater punishment than the lawyer predicted). Rather, to establish ineffective assistance of counsel with respect to prediction of sentencing consequences, a defendant must show that his attorney did not make a good faith attempt to discover facts relevant to his prediction. *Id.* And Tanner fails to even allege this. Accordingly, Tanner's claim of ineffective assistance of counsel fails.

Even if Tanner's counsel's performance had been deficient, however, his claim would fail because Tanner does not sufficiently allege prejudice; Tanner never alleges that he would not have pleaded guilty if counsel had given him a more accurate sentencing prediction. Indeed, such an assertion would not be credible because Tanner was on notice that the sentence imposed could be 20 years imprisonment and that it could be more than he or the government expected based on the plea hearing. (Change of Plea Hearing Transcript at 13-14, 33.) Moreover, Tanner's allegation that he would not have pled guilty if he had known he would be sentenced to the maximum possible under the plea agreement is insufficient to show prejudice. *Bethel v. U.S.*, 458 F.3d 711, 720 (7th Cir. 2006) ("[A] claim that a defendant would not have entered this particular plea agreement is not sufficient to show

prejudice."). For this additional reason, Tanner's claim is without merit.

Similarly without merit is Tanner's claim that his counsel was ineffective because he failed to negotiate a different and more favorable plea agreement. The mere allegation that counsel failed to secure a better plea agreement does not, without more, indicate deficient counsel. *U.S. v. Lane*, No. 1:03 CR 05, 1:05 CV 169, 2005 WL 2304754, *4 (N.D. Ind. Sept. 20, 2005)(finding no defective performance where defendant alleged, without more, that counsel should have negotiated a better plea); *c.f. U.S. v. Lawson*, 947 F.2d 849, 854 (7th Cir. 1991)("That Lawson thought counsel could have negotiated a better plea does not necessarily bear on whether the plea was knowing and voluntary."). Moreover, Tanner fails to sufficiently show prejudice from counsel's action. Not only is it entirely speculative that the government would have been willing to agree to a different plea agreement, but also Tanner never even claims that he would not have pled guilty and would have insisted on going to trial. Accordingly, Tanner's claim that his counsel was ineffective because he failed to negotiate a better plea agreement fails.

Additionally, Tanner raises nothing further creating any doubt that he knowingly and voluntarily entered into an enforceable appeal waiver that was clear and unambiguous. And the plea hearing and plea agreement further support the conclusion that Tanner knowingly and voluntarily entered into the appeal waiver. For example, Tanner and

his lawyer both signed the plea agreement. (Change of Plea Hearing Transcript at 3-4.) Tanner read the waiver provision. (*Id.* at 9-10.) Upon questioning from the Court, Tanner agreed under oath that he understood it, agreed with it, and was giving up his rights knowingly and voluntarily. (*Id.* at 24-27.) He also agreed that no one had forced him to sign it. (*Id.* at 26.) Then after the court carefully explained the consequences of the plea, Tanner set forth a factual basis for his guilty plea, agreed with the prosecution version of the facts, and pled guilty. (*Id.* at 9-39.) The Court then found that the plea was entered knowingly and voluntarily and supported by an independent basis in fact containing each of the essential elements of the offense. (*Id.* at 40.) From this evidence, the Court is satisfied that the appeal waiver is enforceable. *See United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001).

This waiver provision encompasses Tanner's remaining claims related to ineffective assistance during sentencing and appeal. These claims are, therefore, barred. *See, e.g., Mason*, 211 F.3d at 1069-70.

CONCLUSION

For the reasons set forth above, the portion of Tanner's motion (DE #747) seeking relief pursuant to 18 U.S.C. § 3582(c)(2) is **STRICKEN** and the portion requesting relief pursuant to 28 U.S.C. § 2255 is **DENIED**. The Clerk is **ORDERED** to distribute a copy of this Order to Arthia Lamont Tanner (Prisoner No. 08097-027), Forrest City

Low FCI, P.O. BOX 9000, Forrest City, Arkansas, 72336, or to such other more current address that may be on file for the Petitioner.

**DATED: January 12, 2010**                  **/s/ RUDY LOZANO, Judge**
                                                 **United States District Court**